UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| K.N.N., *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>UNITED STATES, *et al.*,<br><br>   Defendants. | Civil Action No. 23-2748 (JEB) |

### MEMORANDUM OPINION AND ORDER

Four Cameroonian nationals who came to the United States seeking asylum have filed this lawsuit against the United States and several of its agencies and officials for tortious conduct and for violating the Administrative Procedure Act. See ECF No. 1 (Compl.), ¶¶ 1–10, 16, 213–61. They allege that they were mistreated by Immigration and Customs Enforcement. Id., ¶¶ 5–10. Three of the Plaintiffs — K.N.N., C.M., and R.N. — were deported to Cameroon, subsequently fled that country in fear, and are now in hiding from Cameroonian authorities. Id., ¶¶ 25–27. Such authorities, those Plaintiffs contend, have retaliated against them for seeking asylum in the United States in part because ICE improperly enabled them to discover Plaintiffs' sensitive asylum-related documents. Id., ¶¶ 185–86, 188–95. The fourth Plaintiff — E.U. — was twice placed on a mass-deportation flight but was removed at the last minute and currently remains in the United States with a pending asylum case. Id., ¶¶ 28, 89, 92.

Because Plaintiffs "fear retaliation by the Cameroonian government due to the statements that they made about Cameroon and the persecution they faced," they have moved to proceed under pseudonyms. See ECF No. 2 (Mot.) at 2, 3. The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly

1

assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint"); id. 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

## I.     Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  This identification requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy[] and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and, relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this early stage, Plaintiffs have met their burden to show that their privacy and safety interests outweigh the public's presumptive and substantial interest in learning their identities. The Court's analysis in this case is substantially similar to its analysis in a related case in which the Court granted a motion to proceed under pseudonyms last month. See ECF No. 3 (notice of related case); J.K.A. v. United States, No. 23-2273 (D.D.C. Aug. 10, 2023), ECF No. 7 (granting motion to proceed under pseudonyms). The Court analyzes each of the five factors in turn.

First, as the Complaint makes clear, Plaintiffs do not seek to proceed under pseudonyms "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original). The Complaint reveals "intimate or sensitive personal information" about each Plaintiff of the kind "traditionally recognized under this factor, such as sexual activities, reproductive rights, bodily autonomy, [and] medical concerns." Doe v. Rogers, 2023 WL 1470007, at *2 (D.D.C. Feb. 2, 2023) (internal quotation marks omitted) (quoting Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021)). Specifically, it describes in vivid detail how each Plaintiff was physically abused while in ICE custody in the United States, including highly personal physical and medical responses to that treatment; for K.N.N., C.M., and R.N., it also describes abuse they faced after returning to Cameroon. See, e.g., Compl., ¶ 41 (describing K.N.N.'s physical and mental-health conditions); id., ¶ 44 (Cameroonian officials "whipped [R.N.] with an electric cable, beat the soles of his feet with a machete, and kicked him in the genitals"); id., ¶¶ 46, 52 (describing R.N.'s medical conditions, including pain "in his genital area," and listing the specific medications he was prescribed); id., ¶ 65 (describing E.U.'s physical and mental-health conditions); id., ¶ 127–32

(describing C.M.'s asthma and medical response to being forcibly immobilized); id., ¶ 198 (describing K.N.N.'s medical response to conditions in Cameroon after he was deported). Plaintiffs thus seek to preserve their privacy in this matter, not merely to avoid annoyance and criticism.

For similar reasons, the second factor concerning the "risk of retaliatory physical or mental harm" to Plaintiffs and to "innocent non-parties" also favors proceeding under a pseudonym. In re Sealed Case, 971 F.3d at 326 (citation omitted). The Complaint describes the particular threats and abuse that K.N.N., C.M., and R.N. have experienced in Cameroon, including as retaliation for their pursuit of asylum in the United States. See Compl., ¶¶ 196–212. Those Plaintiffs also describe their fears of retaliation against them and their family members. See, e.g., id., ¶¶ 202–03 ("[K.N.N.] lives in hiding . . . . Because ICE failed to allow [K.N.N.] to remove his sensitive asylum documents from his bags, resulting in his imprisonment and severe beatings by Cameroonian authorities, [K.N.N.] continues to fear for his life and cannot return to Cameroon."); id., ¶¶ 210–11 (describing how R.N. "escape[d] from the police station" and "lived in Cameroon in hiding for a while" but "did not communicate with his relatives" out of "fear[] of being discovered and putting his family in danger"). While E.U. remains in the United States and, accordingly, has not experienced such threats or abuse in Cameroon for seeking asylum, ICE has twice come so close to deporting him as to place him on a deportation flight, and he could well be denied asylum and forced to return to Cameroon. Id., ¶¶ 28, 89, 92.

To be sure, Plaintiffs do not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [their] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 2023 WL 4744154, at *3 (D.D.C. July 3, 2023). At this early

stage, however, the Court finds that the detailed allegations in the Complaint are sufficient to establish that revealing K.N.N.'s, C.M.'s, and R.N.'s names in connection with this litigation will subject them to the prospect of retaliation at the hands of the Cameroonian government. See Mot. at 3. And "the real risk that this lawsuit could exacerbate any harm [E.U.] would experience in the event that [he is deported] lends significant support" to keeping E.U.'s identity under seal, too. See Alpha v. Mayorkas, No. 23-1438 (D.D.C. May 23, 2023), ECF No. 3.

The third and fourth factors cut the other way. As to the third, Plaintiffs do not indicate that any of them is a minor. See Mot. at 6; In re Sealed Case, 971 F.3d at 326. The fourth factor plays out similarly. Typically, "anonymous litigation is more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016) (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 66 (D.D.C. 2019). Plaintiffs' lawsuit, however, like J.K.A. v. United States, alleges a sweeping set of systematic administrative failures in ICE's treatment of "Black asylum seekers from Africa and the Caribbean" and claims that these failures not only give rise to tort liability, but also amount to violations of the APA. See Compl., ¶¶ 11, 254–61. Those far-reaching legal claims trigger the "'heightened public interest'" that applies "'when an individual or entity files a suit against the government,' particularly in a manner that may 'alter the operation of public law both as applied to it and, by virtue of the legal arguments presented, to other parties going forward.'" Sponsor, 2023 WL 2598685, at *2 (quoting In re Sealed Case, 971 F.3d at 329). Both factors therefore weigh in favor of disclosure.

The fifth and final factor favors granting Plaintiffs' Motion.  Defendants would suffer no unfairness if the Motion were granted because Plaintiffs have offered to disclose their identities under seal.  <u>See</u> Mot. at 6; <u>In re Sealed Case</u>, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).  Upon the filing of the pseudonymous Complaint, Defendants will remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiffs will remain free to object.

In sum, although the third and fourth factors weigh in favor of disclosure, the first, second, and fifth heavily favor permitting Plaintiffs — three of whom remain in hiding — to proceed under pseudonyms at this stage, especially in light of the serious and specific threats that they could face in Cameroon.

The Court accordingly ORDERS that:

1. Plaintiffs' [2] Motion for Leave to File Under Pseudonyms is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file:

    i. A pseudonymous version of their [2] Motion and any attachments for filing on the public docket; and

    ii. A sealed declaration containing their real names and residential addresses.

<u>/s/ *James E. Boasberg*</u>
JAMES E. BOASBERG
Chief Judge

Date:  <u>September 21, 2023</u>

6