SCHOOL OF LAW

Immigrant Rights Clinic



July 29, 2022

**VIA CERTIFIED MAIL AND E-MAIL**

Office of the General Counsel (ogc@hq.dhs.gov)
U.S. Department of Homeland Security
Washington, DC 20528

Office of the Principal Legal Advisor
Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street SW
Washington, DC 20024

U.S. Department of Health and Human Services
Office of the General Counsel
200 Independence Avenue SW
Washington, DC 20201

Re: Notice of Claim for Damages under the Federal Tort Claims Act
**KNN** **REG** (aka **KNN**)

Dear Sir or Madam:

Enclosed please find an administrative claim under the Federal Tort Claims Act ("FTCA") against the United States government for the extreme suffering, severe pain and distress, and other harms inflicted on **KNN** as a result of the inhumane use of "The WRAP" by Immigration and Customs Enforcement ("ICE") before a mass deportation flight to Cameroon that occurred on November 11, 2020. The U.S. government is responsible for the actions of its employees, including those employed by ICE, under the FTCA.

Prof. Fatma Marouf, Director of the Texas A&M Immigrant Rights Clinic, represents **KNN** and serves this complaint on his behalf. **KNN** seeks an award of damages to compensate for the harms he sustained in connection with the events related to the inhumane use of the WRAP.

As described in detail in the enclosure, while detained under ICE's control, **KNN** was subjected to the inhumane use of "The WRAP." **KNN** is one of many individuals who have been subjected to this inhumane restraint while detained and transported by ICE.

ICE, ICE employees, ICE contractors, and other individuals and entities acting on behalf of the U.S. government knew or should have known that The WRAP was not to be used in the manner applied to **KNN** and that such use would result significant harm to him. Accordingly, ICE is responsible for the egregious treatment of **KNN**.

307 W. 7th Street, Suite LL50
Fort Worth, TX 76102

Tel. 817.212.4123 Fax 817.212.4124
www.law.tamu.edu

Sincerely,

Fatma E. Marouf
Professor of Law
Director, Immigrant Rights Clinic
Texas A&M School of Law

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Homeland Security<br>Immigration and Customs Enforcement<br>Enforcement and Removal Operations - New Orleans Field Office<br>U.S. Department of Health and Human Services | **KNN**<br>c/o Fatma Marouf<br>Texas A&M Immigrant Rights Clinic<br>Fort Worth, TX 76102 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☐ CIVILIAN | **REG** | single | see attachment | see attachment |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attachment

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Not applicable

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Not applicable

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attachment

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| See attachment | See attachment |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
|  | 6,000,000 |  | 6,000,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| **KNN** | **REG** | 6/27/22 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001). |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

### INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No   | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

### INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

### PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority*: The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose*: The information requested is to be used in evaluating claims.
C. *Routine Use*: See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond*: Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

### PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

## Claim Authorization Form

I, **KNN** hereby authorize Texas A&M School of Law Immigrant Rights Clinic to submit a claim under the Federal Tort Claims Act on behalf of myself to the U.S. Department of Homeland Security, including U.S. Immigration and Customs Enforcement, and any other government agency, seeking compensation for the unlawful actions of their employees or against me.

DATED: May 6, 2022



FTCA Standard Form 95 - Attachment

Claimant: KNN

1. **Date and Day of Accident/Incident**

November 11, 2020 (and medical negligence in preceding months)

2. **Time (A.M. or P.M.)**

Exact time unknown

3. **Basis of Claim**

**Factual Basis of FTCA Claim**

On November 11, 2020, KNN was at the Prairieland Detention Center in Alvarado, Texas. He had been transported there for the deportation flight that left day to Cameroon. At the time, he had a pending appeal of his deportation order with the U.S. Court of Appeals for the Fifth Circuit.

That day, he was taken into isolation at Prairieland. Then a group of around eight or ten officers shot him several times with rubber bullets in his legs and dragged him me out of the cell. They threw him down and pushed his face to the ground. He was shackled and restrained in The WRAP. His legs were tied tightly together. His hands were cuffed in front of him and a cord connected his chest to his feet. The officers leaned on his back, pushed his face toward his knees, and pulled the strap tight. His body was at an acute 40-degree angle. He was left completely immobile.

He was left in The WRAP from around 10:30 a.m. on November 11, 2020, until the plane was somewhere over the Atlantic ocean that night. Approximately four to six officers carried him all the way from the detention center onto the bus, then onto the plane. When they were at the airport, he pleaded several times that he wanted to use the restroom but no one came to help him. He suffered extreme pain as a result of being placed in The WRAP for such an extended period of time.

Even after ICE officers removed The WRAP on the airplane, KNN remained shackled all the way to Douala. All he remembers from the flight is the pain and the officers yelling. When he arrived in Cameroon, there were open sores on his wrists where the handcuffs had cut into his skin. In detention in Cameroon, he had no soap or water to keep them clean so the wounds got infected.

In short, KNN was in The WRAP for around nine hours, which inflicted severe pain. No one checked on his medical condition before placing him in The WRAP or while he was in it.

While detained in the United States, he had suffered from gastrointestinal bleeding and anemia. At one point when he was very depressed, he was also placed in isolation under suicide watch. However, ICE did not ~~take~~ KNN physical or mental health history into account before placing him in The WRAP.

## Legal Basis of FTCA Claim

### A. Negligence, Gross Negligence and Recklessness

ICE had a duty to maintain safe conditions for KNN. ICE also had a duty to ensure that those detained received adequate medical care. ICE breached its duties by failing to ensure safe, and humane conditions. ICE knew or should have known the risk of using The WRAP improperly.

As a direct and proximate result of ICE's negligent, grossly negligent, and reckless acts, omissions, and conduct, KNN was subjected to The WRAP. ICE's negligence, gross negligence, and recklessness caused KNN to suffer extreme and extended physical, mental, and emotional pain and distress.

### B. Negligence Per Se

ICE had a duty to ensure that those detained received adequate care and supervision that adhered to ~~standard~~s. ICE breached its duties by misusing The WRAP. As a direct and proximate result, KNN suffered extreme and extended physical, mental, and emotional pain and distress as well as future medical expenses.

### C. Negligent Supervision

ICE had a duty to prevent its employees or agents from causing physical harm to a third party. ICE breached its duty by failing to ensure safe and humane conditions when KNN was in their custody. As a direct and proximate result of ICE's acts, omissions, and conduct, KNN was forced into unnecessary restraints. ICE's negligence and gross negligence caused KNN to suffer extreme physical, mental, and emotional pain and distress.

### D. Intentional Infliction of Emotional Distress

ICE is responsible for intentional or reckless conduct that was extremely outrageous and caused severe emotional distress to KNN.

E. **Intentional Infliction of Emotional Distress**

ICE is responsible for conduct that caused a physical impact on KNN that caused physical injury, and the injury caused KNN mental suffering or emotional distress.

F. **Assault and Battery**

ICE is responsible for intentional conduct involving the use of force or violence, which constitutes battery. Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery. ICE may also be responsible for an aggravated assault if the assault involved a dangerous weapon.

G. **False Imprisonment**

ICE is responsible for conduct that constitutes false imprisonment, which is the intentional confinement or detention of another, without his consent and without proper legal authority.

H. **Medical Negligence**

ICE had a duty to ensure adequate medical care. As a direct and proximate result of the inadequate, substandard medical care and supervision provided by physicians and other health care providers employed by and/or agents of ICE, KNN suffered extreme physical, mental, and emotional pain and distress.

I. **Other Causes of Action**

This is not intended to be an exhaustive list of possible causes of action, including attorneys' fees, *Bivens* claims, violations of 42 U.S.C. §§ 1983 and 1985, violations of 18 U.S.C. § 242, violations of Section 504 of the Rehabilitation Act, violations of the Fifth Amendment Due Process Clause, and violations of the Convention Against Torture. *See C.P.X. v. Garcia*, 450 F. Supp. 3d 854, 911-16 (S.D. Iowa 2020) (finding that the use of The WRAP on juveniles at the State Training School for Boys in Eldora violated the Convention Against Torture). KNN reserves the right to assert these and other claims in an appropriate forum at an appropriate time, to the extent not already asserted.

**11. Witnesses**

Other individuals who were on the plane with KNN are witnesses to this incident.

**13B. Phone Number of Person Signing the Form**

Fatma Marouf, 817-212-4123