UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| K.N.N., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | Civil Action No. 23-2748 (APM) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendants the United States of America ("United States") and the Department of Homeland Security (the "Department") (collectively, "Defendants"), by and through undersigned counsel, respectfully file this opposition to Plaintiffs' Motion for Leave to File Sur-Reply in Opposition to Defendants' Motion to Transfer, or, in the Alternative, Dismiss. ECF No. 30.

"[S]urreplies are generally disfavored," *Banner Health v. Sebelius*, 905 F. Supp. 2d 174, 187 (D.D.C. 2012), and "there is no automatic right to file a sur-reply to be found in the Federal Rules of Civil Procedure or the Local Rules of this Court." *Amobi v. D.C. Dep't of Corr.*, 257 F.R.D. 8, 9 (D.D.C. 2009); *see* also LCvR 7. "[T]he decision to grant or deny leave to file a surreply is committed to the sound discretion of the court." *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 2 (D.D.C. 2011). "In exercising its discretion, the court should consider whether the movant's reply in fact raises arguments or issues for the first time, whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion, and whether the movant would be unduly prejudiced were leave to be granted." *Banner Health*, 905 F. Supp. 2d at 187.

"Courts consistently observe [that] when arguments raised for the first time in reply fall 'within the scope of the matters [the opposing party] raised in opposition,' and the reply 'does not

expand the scope of the issues presented, leave to file a sur-reply will rarely be appropriate.'" *Banner Health*, 905 F. Supp. 2d at 188 (second alterations in original) (quoting *Crummey v. Soc. Sec. Admin.*, 794 F. Supp. 2d 46, 63 (D.D.C. 2011)), *aff'd*, 2012 WL 556317 (D.C. Cir. Feb. 6, 2012)). In other words, if the opposing party's proposed surreply merely raises issues that the parties have already addressed or had the opportunity to address, no surreply should be permitted. *See Commodity Futures Trading Comm'n v. Whitney*, 441 F. Supp. 2d 61, 73 (D.D.C. 2006); *Corel Corp. v. United States,* 165 F. Supp. 2d 12, 18 n. 1 (D.D.C. 2001) ("Because I find that the arguments raised in [the plaintiff's] sur-reply could have been raised in [its] opposition brief, [the] motion to file a sur-reply will be denied").

Plaintiffs contend in their motion for leave that they recently obtained new documents through a Freedom of Information Act ("FOIA") request that "Plaintiffs would have relied on in their opposition brief, had the records been timely and properly delivered." Pls.' Mot. at 2. They assert that "these records provide further insight into the acts and omissions that occurred in D.C. through D.C.- based officials, and thus into the public and private interest factors that this Court must consider in its venue analysis." *Id.*

The premise of Plaintiffs' request for leave, however, is incorrect. The records do not provide further insight as they either rephrase points already made in Plaintiffs' opposition or discuss matters not at issue in this litigation. *See United States ex rel. Morsell v. Gen. Digit., Inc.*, Civ. A. No. 12-0800 (RC), 2024 U.S. Dist. LEXIS 156026, at *11 n.4 (D.D.C. Aug. 30, 2024) (denying a motion for leave to file a surreply because, even though the opposing party would not be prejudiced, "the proposed surreply is generally not helpful—it largely rephrases points already made in the [party's] opposition brief"). Indeed, Plaintiffs' opposition detailed their FOIA requests and pointed to documents they had already received that allegedly supported their argument that

2

D.C.-based officials were involved in Plaintiffs' allegations. *See* Opp'n Mot. Transfer (ECF No. 22) at 3-4 (explaining how email communications Plaintiffs received in their FOIA request support their argument).

A close reading of the proposed sur-reply confirms that Plaintiffs could have raised these arguments before—and indeed did. *Commodity Futures Trading Comm'n*, 441 F. Supp. 2d at 73; *Corel Corp.,* 165 F. Supp. 2d at 18 n. 1. Plaintiffs argue that they were scheduled to be on this November 2020 deportation flight. Pls.' Prop. Surreply (ECF No. 30) at 2 n.1. This was known to Plaintiffs over a year ago, as they alleged "ICE officials in Washington, D.C. planned and coordinated the October 13 and November 11, 2020 flights and staging flights from other detention centers, including by coordinating flight logistics and arranging for photo and video documentation." Compl. ¶ 84. They also argued this point extensively in their opposition. Opp'n Mot. Transfer at 2-3. As such, the proposed sur-reply is merely a backdoor attempt to get the last word as the non-movant on an issue which Plaintiffs have already been heard.

Moreover, a surreply on this issue would not be helpful to the Court because one of the points Plaintiffs seek to establish is irrelevant. *See Banner Health*, 905 F. Supp. 2d at 187 ("In exercising its discretion, the court should consider[, in part] . . . whether the non-movant's proposed surreply would be helpful to the resolution of the pending motion[.]"). Here, Plaintiffs concede that "none of the newly-produced emails covered Plaintiffs' October 2020 flight," Pls.' Prop. Surreply at 2 n.1, but assert that "this evidence, combined with the evidence of coordinator by D.C.-based officials for the October flight presented in Plaintiffs' Opposition, confirms that D.C.-based officials participated in the type of decision-making relevant to Plaintiffs' claims." *Id.* Plaintiffs' argument cut against them both ways. Either these documents are not about the matter at hand, in which case they are irrelevant, or the documents simply reiterate the earlier documents

Plaintiffs relied on, in which case they are duplicative and do not assist in the resolution of the pending motion. In any event, this is not one of the rare instances in which a surreply is appropriate or helpful to the Court. Plaintiffs' motion should be denied.

Dated: October 4, 2024

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:   /s/ Kaitlin K. Eckrote
KAITLIN K. ECKROTE
D.C. Bar #1670899
STEPHEN DEGENARO
D.C. Bar #1047116
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-7229 (DeGenaro)
(202) 252-2485 (Eckrote)
Stephen.DeGenaro@usdoj.gov
Kaitlin.Eckrote@usdoj.gov

*Attorneys for the United States of America*